
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10413 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-01567-DCB-BPV-1 |
| v. | |
| MARVIN RAY SCHULTZ, | MEMORANDUM* |
| Defendant - Appellant. | |
| UNITED STATES OF AMERICA, | No. 12-10565 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-01567-DCB-BPV-2 |
| v. | |
| JASON STEPHEN WALLACE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 11, 2013[**]
San Francisco, California

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

Defendants Marvin Ray Schultz and Jason Stephen Wallace appeal the district court's denial of their motion to suppress evidence obtained as a result of a traffic stop near the Mexico border in November 2008. We review the district court's decision de novo, its findings of fact for clear error, and we affirm. *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007).

A brief investigatory stop does not violate the Fourth Amendment if the officer possesses "reasonable suspicion" that the suspects are engaged in illegal activity, which is more than a "hunch" but considerably less than probable cause or a preponderance of the evidence. *United States v. Sokolow*, 490 U.S. 1, 7 (1989). To determine whether a stop was justified by reasonable suspicion, we consider the totality of the circumstances, including "objective observations, information from police reports, if such are available, and consideration of the modes or patterns of operation of certain kinds of law breakers." *United States v. Cortez*, 449 U.S. 411, 418 (1981).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendants would have us employ the type of "divide and conquer" analysis which the Supreme Court has repeatedly instructed us to avoid; that is, the defendants ask us to analyze each individual factor noted by the officers and suggest it should be given no weight because it could also be consistent with innocent behavior or have an innocent explanation. *See, e.g., United States v. Arvizu*, 534 U.S. 266, 274 (2002); *Berber-Tinoco*, 510 F.3d at 1087-89. We will instead consider the entire context presented to the officers, with special attention to the factors we have previously highlighted in border stops, including:

> (1) characteristics of the area; (2) proximity to the border; (3) usual patterns of traffic and time of day; (4) previous alien or drug smuggling in the area; (5) behavior of the driver, including obvious attempts to evade officers; (6) appearance or behavior of passengers; (7) model and appearance of the vehicle; and, (8) officer experience.

*United States v. Garcia-Barron*, 116 F.3d 1305, 1307 (9th Cir. 1997) (internal quotation marks and citation omitted). We must also give due weight to inferences drawn by local law enforcement officers, who may make reasonable deductions and inferences based on experience and training that may elude the average citizen. *Arvizu*, 534 U.S. at 273.

Here, the area was extremely close to the border, there had been significant alien and drug trafficking in the Gringo Pass area, and the characteristics of the area (especially the wash to the rear) made it a frequent staging area for such crimes. The

vehicle drew the attention of border agents because of unusual traffic patterns, being left unattended in the parking lot for at least two and a half hours, when most traffic in the area was transient and stayed no longer than thirty to forty-five minutes. The car was also determined to be a rental vehicle, from a company known to be popular among drug smugglers. When the driver and passenger appeared to claim the car after dark, their behavior also aroused suspicions because they drove slowly past the gas pumps as if moving the vehicle to get gas, but actually proceeded to the rear of the gas station and out of view for ten to fifteen minutes (consistent with behavior the officers had previously observed by smugglers who were trying to get near the wash without drawing attention to their car). When back in view and actually gassing up, the passenger appeared to be rearranging something in the backseat of the vehicle.

When viewed collectively, as they must be, these facts give rise to a reasonable suspicion that criminal activity may have been occurring, sufficient to justify the stop of the vehicle. Reasonable suspicion may be established solely on the basis of inferences from otherwise innocent behavior, as it was in *Terry v. Ohio*, 392 U.S. 1, 5-6 (1968), and as it is here. Further, the district court did not clearly err in making these factual findings.

**AFFIRMED.**